UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LT. FERNANDEZ, et al.,<br><br>    Defendants. | Case No. 21-cv-00539-SI (pr)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR A SECOND EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE; AND ADDRESSING HIS REQUEST FOR CLARIFICATION**<br><br>Re: Dkt. Nos. 10, 11 |

On February 11, 2021, plaintiff was ordered to show cause within thirty days why this action should not be dismissed under 28 U.S.C. § 1915(g). Docket No. 5. The order identified three prior dismissals that appeared to count under § 1915(g), stated that plaintiff did not appear to be under imminent danger of serious physical injury when he filed the complaint, and ordered plaintiff to show cause why pauper status should not be denied and the action should not be dismissed. *Id.* at 1-2. The order further stated that plaintiff also could avoid dismissal by paying the filing fee by the deadline. *Id.* at 3.

On May 13, 2021, the court reset the deadline for plaintiff to respond to the February 11, 2021 order to show cause. Docket No. 9. The new deadline, June 18, 2021, has passed. To date, plaintiff has not filed his response. Instead, he requests a second extension of the deadline to file his response. Upon due consideration, plaintiff's request is GRANTED. Docket No. 10. No later than **July 30, 2021**, plaintiff must file a written response to the February 11, 2021 order to show cause re. contemplated dismissal.

Plaintiff also requests clarification "regarding the option of paying the full [$]400.00 filing fee vs making payments from the trust account in the prison [he] will be/[is] housed vs having the case dismissed due to filing three other civil claims without successfully stating a claim . . . ."

1 Docket No. 11 at 1 (brackets added). Plaintiff adds that "[c]larification is requested as [he is] not a professional attorney, [and] [he is] currently illegally detained due to an illegal prosecution where [his] civil rights were severely violated, and [he is] economically challenged (broke) due to lo[]sing [his] homes, company, and vehicles because of [the] illegal prosecution, and wrongful conviction." *Id.* Plaintiff asks the court to "consider these factors [because] to deny the opportunity to move forward with a civil claim due to the fact that [he is] poor, and not an educated attorney (as [he] did not know how to state a claim in the past) would defeat the purpose of having amendment [sic] rights and a platform (the federal court) to seek refuge and relief." *Id.* Thus, Plaintiff requests the court to "provide clarification as to the option of making payments toward the filing fee and presenting [his] right to seek relief for blatant civil rights violations, or if the alternative is limited to presenting justifiable cause under 28 U.S.C. [§] 1915, which requires [he] spend time at the law library . . . ." *Id.* at 2 (brackets added).

The answer is the latter: unless Plaintiff can pay the full filing fee, his only alternative is to file a response addressing the § 1915(g) problem in the instant matter. As stated in its February 11, 2021 order to show cause, the court must first consider plaintiff's *in forma pauperis* application and cannot rule on it until plaintiff files his response. *See* Docket No. 5 at 1-2. A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As the court has previously explained to plaintiff, a review of the dismissal orders in his prior prisoner actions reveals that he has had at least three such cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Docket No. 5 at 2. The qualifying cases include: (1) *Coleman v. Nguyen*, No. 18-cv-3468 SI (dismissed for failure to state a claim); (2) *Coleman v. Napa County Dep't of Corrections*, No. 18-cv-4104 SI (dismissed for failure to state a claim); and (3) *Coleman v. Alison*, No. 19-cv-964 SI (dismissed for failure to state a claim). *Id.*

As a point of clarification, plaintiff cannot proceed *in forma pauperis* (i.e., which allows him

2

to make payments toward the filing fee through installments from his prison trust account) unless he shows (1) that at least one of the three qualifying cases above should not be counted under § 1915(g) or (2) that he satisfied the "imminent danger" exception to § 1915(g), i.e., that he was under imminent danger of serious physical injury when he filed the complaint. For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* Plaintiff bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.* at 1120. *Andrews* implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.*

The court has *sua sponte* raised the § 1915(g) problem in the instant matter. Plaintiff has neither filed a response urging that there was reason not to count any of the three dismissals identified in the order to show cause, nor has he argued that he satisfied the "imminent danger" exception to § 1915(g). Instead, he has filed a request for an extension of time, which the court has granted above, and a request for clarification.

Also, to the extent that plaintiff is requesting appointment of counsel to assist him in this action, such a request will be denied. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved

3

and the likelihood of success on the merits. *See id*. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, plaintiff has had no problem articulating his claims in this action. He also has filed several prior actions in which he has ably represented himself. There also appears to be a low likelihood of success on the merits. Exceptional circumstances requiring the appointment of counsel are not present in this action. Thus, if plaintiff's "Request for Clarification" were to be construed as a request for appointment of counsel, such a request is DENIED. Docket No. 11.

In sum, no later than **July 30, 2021,** Plaintiff must file a response to the court's February 11, 2021 order to show cause re. contemplated dismissal. In his response, Plaintiff must either explain to the court whether: (1) there was any reason <u>not</u> to count as qualifying dismissals under § 1915(g) any of the three dismissals identified in the order to show cause; or (2) he was under imminent danger of serious physical injury <u>when he filed the complaint</u>. If plaintiff fails to file a response by the July 30, 2021 deadline or fails to file a proper response addressing the § 1915(g) issue and showing cause why this action should not be dismissed, then the court will deny plaintiff's *in forma pauperis* application and dismiss this action under § 1915(g). Again, dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. Thus, in the alternative to showing cause why the action should not be dismissed, plaintiff may avoid dismissal by paying the full $400.00 filing fee by the same deadline.

In light of plaintiff's multiple change of address notices, the clerk will mail to plaintiff a copy of the February 11, 2021 order to show cause re. contemplated dismissal (i.e., Docket No. 5).

**IT IS SO ORDERED**.

Dated: June 28, 2021

SUSAN ILLSTON
United States District Judge

4