UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALVIN N. CRAVEN,<br><br>    Petitioner,<br><br>    v.<br><br>JIM ROBERTSON, Warden,<br><br>    Respondent. | Case No. 20-cv-01933-SI (pr)<br><br>**ORDER RE: PETITIONER'S MOTION TO LIFT STAY** |

    Before the Court is petitioner's *pro se* motion to lift the stay. Dkt. No. 38. He has also filed an amended petition. Dkt. No. 39.

    On June 28, 2021, the Court granted petitioner's motion requesting that the Court reinstate his *pro per* status, and also granted petitioner's counsel Richard B. Mazer's motion to withdraw. Dkt. No. 43. The Court deferred ruling on the motion to stay and the propriety of the amended petition until it received further information about whether petitioner intended to pursue the pending state court habeas petition filed by Mr. Mazer on April 27, 2021. *Id.* at 1.

    In Mr. Mazer's declaration filed with the Court on June 28, 2021, counsel stated: "I have every reason to believe that [petitioner] will pursue the State Habeas Corpus Petition. However, out of an abundance of caution, I will send a letter to [petitioner] today asking whether he intends to pursue the State Habeas Petition. When I receive his answer, I will forward it to the Court." Dkt. No. 42 at 2. To date, Mr. Mazer has not forwarded petitioner's answer to the Court.

    Instead, on July 9, 2021, petitioner filed a reply to the Court's order dated June 28, 2021 and stated that he "does not wish to pursue state habeas due to the California State Supreme Court letter dated March [10,][1] 2021 letter which petitioner attached to his motion to lift stay." Dkt. No. 44 at

---

[1] Petitioner indicated that the letter was dated "March 12th 2021," but the correct date of the letter is March 10, 2021. *Compare* Dkt. No. 44 at 1 with Dkt. No. 38 at 4. It appears from

1. Petitioner adds that he "contends that any state habeas would be futile." *Id.* However, nowhere in petitioner's reply does he mention any pending state habeas proceedings. Thus, it is unclear whether petitioner was aware that Mr. Mazer filed a state habeas petition in the state superior court or whether that petition has since been ruled on.

As such, the Court will continue to defer ruling on the motion to stay and the propriety of the amended petition until after the Court receives further information about the status of the state superior court habeas proceedings, including whether petitioner wishes to abandon those specific state habeas proceedings. Accordingly, the Court directs Mr. Mazer to file a declaration no later than **August 27, 2021** regarding the status of the state superior court habeas proceedings and whether petitioner intends file state habeas petitions in the state appellate and supreme courts. If the state superior court has ruled on the state habeas petition, Mr. Mazer shall send petitioner a copy of the ruling and also attach it as an exhibit to the declaration.

The Clerk of the Court shall send petitioner a copy of the state habeas petition filed in the state superior court on April 27, 2021 (*see* Dkt. 34-1 at 1-23).

**IT IS SO ORDERED**.

Dated: August 12, 2021

SUSAN ILLSTON
United States District Judge

---

petitioner's filings that counsel was told by a California Supreme Court clerk that petitioner's state court cases had been closed and that nothing could be filed in the Supreme Court. Dkt. No. 30 at 2. However, initially, it was not clear that Mr. Mazer sought to file a new state court habeas petition, as opposed to seeking to file in the closed cases. It became evident that it was the former because, as mentioned, Mr. Mazer filed a state habeas petition in the state superior court on April 27, 2021. *See* Dkt. 34-1 at 1-23.